UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. SIED and J. LEWIS,<br><br>          Defendants. | 1:16-cv-01426-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

Kory T. O'Brien ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 26, 2016. (ECF No. 1). On October 6, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 5), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff's complaint alleges that he suffered a heart attack and that medical professionals should have been aware of the risk of that heart attack and given him additional treatment before it occurred. The Court has reviewed the legal standards as it applies to these claims and finds that Plaintiff's complain fails to set forth a violation of the United States Constitution. Plaintiff sets forth allegations that may constitute negligence or even medical

malpractice, but not deliberate indifference to serious medical needs rising to cruel and unusual punishment. Additionally, it appears that Plaintiff has not satisfied the requirement that he exhaust administrative remedies before filing suit.

The Court provides the legal standards below and provides Plaintiff leave to amend his complaint if he believes additional allegations would state a claim consistent with this law.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

## II.   SUMMARY OF COMPLAINT

Plaintiff alleges that on or about 2012, Plaintiff arrived at Tehachapi State Prison. Plaintiff is a mental health patient with several health issues. Plaintiff was seen by defendant

Dr. Sied on several occasions, but was never told that he had heart disease or had a high risk of having a stroke.

On July 26, 2016, Plaintiff suffered a severe heart attack and was taken to an outside hospital.  Plaintiff had a stent placed in his heart because Plaintiff had a 100% blockage of an artery that carried blood to the left side of his heart.  On the way to the outside hospital, Plaintiff had to be given four nitro pills to prevent death.

On or about March 2016, Plaintiff was seen by his psychiatrist, defendant Jane Doe, who ordered a blood test because Plaintiff's cholesterol was above 230 after the blood tests.  However, after the tests, neither Defendant Jane Doe nor Defendant Dr. Seid ordered any further tests or treatment to prevent the blockage of Plaintiff's artery to prevent Plaintiff from having a heart attack.

Defendant J. Lewis was the Health Care Director for the California Department of Corrections and Rehabilitation and receives all tests and medical documents in her office.  Therefore, she also had knowledge of the test results, which should have revealed that Plaintiff needed medical treatment to prevent a heart attack.

On July 1, 2016, Plaintiff saw Dr. Hill, who informed Plaintiff that his medical records demonstrated that the March 2016 blood tests revealed that Plaintiff's cholesterol was too high.  Dr. Hill gave the opinion that Plaintiff should have been "ducketed" and given immediate medical treatment.

Furthermore, when Plaintiff was at the outside hospital, another inmate at the same institution suffered a heart attack in his cell and died.  It takes over one hour to be transported to the outside hospital facility from the prison and the prison is not equipped to handle emergency medical issues.

Since Plaintiff's return to the institution, Plaintiff is having breathing problems and gets dizzy when walking back and forth to the dining facility.

Plaintiff also states that there are no administrative remedies available because Plaintiff has already suffered a heart attack, and claims that there is no exhaustion requirement outside the habeas context.

### III.     ANALYSIS OF PLAINTIFF'S CLAIMS

####     A.     Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

///

### B.   Application to Plaintiff's Complaint

Plaintiff's allegations do not state a claim for deliberate indifference to serious medical needs under these legal standards.  Plaintiff alleges that medical professionals took tests that should have led them to realize that Plaintiff was at risk of a heart attack.  If true, Plaintiff's allegations may amount to a claim for negligence, but not for a violation of the United States Constitution.  There are no facts indicating that any of the medical professionals were acting purposefully or deliberately indifferent to Plaintiff's medical needs in failing to treat him.  There are not facts alleged that show (or even suggest) that the medical professionals chose not to treat Plaintiff knowing that he would have a heart attack as a result.  While Plaintiff may disagree with their course of treatment, and in hindsight blood tests may have revealed a high risk of heart disease, that is not sufficient to establish deliberate indifference to serious medical needs amounting to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Plaintiff's current fears also do not state a constitutional claim.  Plaintiff alleges that he is fearful of another heart attack because he is far from medical facilities.  He does not allege that he requires a certain treatment and that prison officials are refusing to give him that treatment in a way that amounts to deliberate indifference to his medical needs.

The Court will dismiss Plaintiff's Complaint, but provide leave to amend.  If Plaintiff believes there are facts to establish that any of these medical providers was not merely negligent, but deliberately indifferent as discussed above in the legal standards, Plaintiff may add those allegations and the Court will screen that amended complaint to determine if it states a constitutional claim.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff states at the outset of his complaint that he did not exhaust his administrative remedies and that he does not have an obligation to exhaust his administrative remedies.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney, 311 F.3d at 1199.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216.  However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014).

In the instant case, Plaintiff states incorrectly that exhaustion is only a requirement for habeas corpus filings, and there are no administrative remedies to correct Plaintiff's claims of deliberate indifference.  This is an incorrect statement of the law.  Although the exhaustion requirements for a section 1983 complaint regarding prison conditions is different than what is required for habeas corpus petitions, prisoners are required to exhaust administrative remedies before filing a lawsuit concerning prison life.  Accordingly, Plaintiff's failure to exhaust is plain from the face of the complaint.

Nevertheless, Plaintiff will be given leave to amend. If he chooses to file an amended complaint, he should plead facts to show that he has exhausted his administrative remedies or that such remedies were "effectively unavailable" to him.  See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

### V.     CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under section 1983.  The Court will dismiss this complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with leave to file an amended complaint that cures the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days of the date of service of this order if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office is directed to send Plaintiff a civil rights complaint form;
3. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would

state a claim, within **thirty (30) days** from the date of service of this order;

4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01426-EPG; and

5. <u>If Plaintiff fails to file an amended complaint within 30 days of the date of service of this order the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order</u>.

IT IS SO ORDERED.

Dated:  **January 25, 2017**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE